Gustavo Magaña (SBN 305970)
The Law Office of Gustavo Magaña
4701 Patrick Henry Dr. Bldg 16 Suite 15F
Santa Clara, CA 95054
T: (408) 430-0411
F: (800) 650-9326
E: Gmaganaesq@gmail.com

Attorney for Plaintiff

Benjamin Crocker

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

(Sacramento Division)

| | |
|---|---|
| Benjamin Crocker, | Case No. |
| Plaintiff, | |
| v. | COMPLAINT FOR VIOLATION OF CIVIL RIGHTS |
| City of South Lake Tahoe, Zachary Wiens, in his individual and professional capacity, Jason Nixon, in his individual and professional capacity, Jonathan Toderean, in his individual and professional capacity, and DOES 1-10, inclusive, | JURY TRIAL DEMANDED |
| Defendants. | |

**NATURE OF THE ACTION**

1.      This case arises from the South Lake Tahoe Police Department's excessive force arrest of Benjamin Crocker on 12/23/20121.

2.      On this date, Mr. Crocker was attempted to attend an imaging appointment at Barton Hospital at 2170 South Ave, South Lake Tahoe, CA  96150.

3.      Mr. Crocker had recently undergone shoulder surgery and was still recovering.

4.      Mr. Crocker was unable to have his imaging done on that date due to a misunderstanding with the mask requirement

5.      Mr. Crocker left the building and sat outside while trying to call the scheduling department to choose a new date for his necessary imaging.

6.      Thereafter, South Lake Tahoe police officers Zachary Wiens, Jason Nixon, and Jonathan Toderean arrived at the scene and aggressively approached Mr. Crocker, who was seated and on the phone.

7.      Officer Wiens began to scream loudly at Mr. Crocker while physically closing in on Mr. Crocker in a physically aggressive and intimidating manner while fully armed with his fellow armed officers.

8.      Officer Wiens then began to threaten Mr. Crocker with arrest, which shocked Mr. Crocker, who then indicated he felt that would be a violation of his rights.

9.      Thereafter, Officer Wiens demanded that Mr. Crocker get up and place his arms behind his back. In reply, Mr. Crocker stated clearly, "No, I'll leave, don't touch me."

10.     However, Officers Wien, Nixon, and Toderean ignored Mr. Crocker and physically assaulted him by pulling and pushing Mr. Crocker in various directions. Contorting and folding his body into severely painful positions.

11.     Mr. Crocker promptly cried out in pain due to the excessive force and informed the officers who had dogpiled on top of him and pretzeled his body that he had recently undergone shoulder surgery.

12.     Nevertheless, the defendant officers continued to apply significant and excessive force, causing incredible pain while claiming Mr. Crocker was resisting arrest, which Mr. Crocker was not doing.

13.     Mr. Crocker suffered from an aggravation of his shoulder pain as well as a fracture of his hip due to the Defendant Officers' excessive force.

14.     Mr. Crocker has sought and received treatment for his injuries.

15.     To date, Mr. Crocker is still suffering from the effects of the use of force and still requires further medical treatment.

16.     Mr. Crocker now seeks damages for violating his rights under the Fourth Amendment to the United States Constitution and State law.


**JURISDICTION**

17.     The claims alleged herein arise pursuant to 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution.

18.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

**VENUE**

19.     Venue is proper in the Eastern District of California under 28 U.S.C. § 1391(b)(2)

because the unlawful acts, practices, and omissions giving rise to Plaintiff's claims occurred

in the County of El Dorado, which is within this judicial district.

20.     Mr. Crocker timely filed an administrative tort claim with the City of South Lake

Tahoe. Subsequently, the City of South Lake Tahoe issued a notice rejecting his claims. Mr.

Crocker has exhausted all available administrative remedies. Cal. Gov't. Code §§ 913,

945.6(a)(1).


## PARTIES

21.     Plaintiff Mr. Crocker is a resident of the City of Jackson, CA.

22.     Defendant CITY of South Lake Tahoe (hereinafter "CITY") is a political subdivision

organized under the laws of California and a proper defendant in this action as to Mr.

Crocker's claims made pursuant to the California Tort Claims Act, Cal. Gov't Code §§ 810-

996. Defendant CITY was at all relevant times the employer of Defendants Zachary Wiens,

Jason Nixon, and Jonathan Toderean. In addition, the South Lake Tahoe Police Department is

a department of the Defendant CITY.

23.     At all times mentioned herein, Defendant Zachary Wiens (hereinafter "WIENS") was

employed as an officer for Defendant CITY.  Defendant WIENS is sued individually and as a

police officer for Defendant CITY.  By engaging in the conduct described below, Defendant

WIENS acted under the color of law and in the course and scope of his employment for

Defendant CITY.  By engaging in the conduct described here, Defendant WIENS exceeded

the authority vested in him as an officer under the United States Constitution and as an

employee of the CITY.

24.     At all times mentioned herein, Defendant JASON NIXON (hereinafter "NIXON") was employed as an officer for Defendant CITY.  Defendant NIXON is sued individually and as a police officer for Defendant CITY.  By engaging in the conduct described below, Defendant NIXON acted under the color of law and in the course and scope of his employment for Defendant CITY.  By engaging in the conduct described here, Defendant NIXON exceeded the authority vested in him as an officer under the United States Constitution and as an employee of the CITY.

25.     At all times mentioned herein, Defendant JONATHAN TODEREAN (hereinafter "TODEREAN") was employed as an officer for Defendant CITY.  Defendant TODEREAN is sued individually and as a police officer for Defendant CITY.  By engaging in the conduct described below, Defendant TODEREAN acted under the color of law and in the course and scope of his employment for Defendant CITY.  By engaging in the conduct described here, Defendant TODEREAN exceeded the authority vested in him as an officer under the United States Constitution and as an employee of the CITY.

26.     Defendant CITY is liable for Plaintiff's injuries under California law and under the doctrine of respondeat superior. Liability under California law for public entities and public employees is based upon California Government Code §§815.2, 820, and 820.8.

## STATEMENT OF FACTS

27.     On 12/23/2021, Mr. Crocker was scheduled for an imaging appointment at Barton hospital related to recent shoulder surgery.

28.     Due to a misunderstanding, Mr. Crocker was unable to attend his appointment and left the hospital building

29.     Mr. Crocker then calmly sat outside the building and called the scheduling department to pick a new date for his medical imaging.

30.     Soon thereafter, the named Defendant Officers arrived at the scene and immediately demanded that Mr. Crocker leave the premises. Mr. Crocker calmly explained that he was on the phone attempting to schedule a new appointment.

31.     While the named Defendant Officers were speaking with Mr. Crocker, they could clearly see his hands which only contained a cellphone he was using.

32.     Mr. Crocker then asked for the Sherriff to come to the scene as he felt that the named Defendant Officers were either about to or in the process of violating his constitutional rights.

33.     Defendant Wiens then became even more enraged and began to yell at a high decibel level as he got closer to Mr. Crockers Face and pointed his finger in his face.

34.     In response, Mr. Crocker calmly asked why Defendant Wiens was yelling at him.

35.     Immediately thereafter, Defendant Wiens stated that Mr. Crocker was under arrest and aggressively lunged toward Mr. Crocker's body and right arm.

36.     Mr. Crocker was shocked, confused, and intimidated by Defendants Wiens' actions and promptly stated, "No, I'll leave. Don't touch me."

37.     However, Defendant Wien continued with his intentional act of violently grabbing Mr. Crocker's right hand/arm. At the same time, Defendant Toderean speared Mr. Crocker from behind off the ledge he was sitting on and onto the hard concrete while mercilessly folding Mr. Crocker's body forward and placing his entire bodyweight on Mr. Crocker's back.

38.     Simultaneously, Defendant Nixon was contorting Mr. Crocker's left arm and forcibly pushing him down from a separate angle causing even more severe pain.

39.   In fact, later in the encounter, Defendant Wiens laughed while discussing how each of the officers had pushed/pulled Mr. Crocker in different directions during the assault.

40.   Mr. Crocker immediately cried out in pain and also informed the named Defendant Officers that he had just had shoulder surgery.

41.   The named Defendant Officers continued to violently thrash and contort Mr. Crocker's body while placing their body weight on top of him and demanded that Mr. Crocker perform vague movements.

42.   Mr. Crocker continued to cry out in pain and informed the Defendants he was in severe pain, preventing him from moving easily. Mr. Crocker also repeatedly told the Defendants he was not resisting.

43.   At this point, Mr. Crocker was handcuffed with his arms behind his back.

44.   Mr. Crocker then informed the named Defendant Officers that he had severe pain in his hip, back, and shoulder after the Defendant Officers forced him into a seated position on the floor.

45.   Mr. Crocker then pleaded with the officers to lay him down due to his extreme pain and indicated that he felt he was going to pass out and was lightheaded.

46.   The named Defendant Officers then forced Mr. Crocker into a standing position, further aggravating both his pre-existing shoulder injury and the new hip injury they had themselves just caused.

47.   While forcing Mr. Crocker to stand, Mr. Crocker, informed the officers there was something seriously wrong with his hip and continually begged for a stretcher while laying back down on the floor.

48.     Thereafter, the named Defendant Officers decided to forcibly pick Mr. Crocker up again and place him in a patrol vehicle, once again causing Mr. Crocker more pain.

49.     Sometime afterward, hospital staff brought out a gurney, and the named Defendant Officers recklessly placed Mr. Crocker face down on the gurney in an awkward position.

50.     The named Defendant Officers then recklessly flipped Mr. Crocker around on the gurney to make him face up and forced his body upright into a seated position which caused Mr. Crocker excruciating pain. Mr. Crocker immediately cried out in pain regarding his hip. The named Defendants failed and or refused to change their tactics in response to Mr. Crocker's cries of pain.

51.     After being seen in the emergency room. It was confirmed that Mr. Crocker suffered a hip fracture as a result of the assault by the named Defendant Officers. As well as a severe aggravation of his pre-existing shoulder pain.

52.     Mr. Crocker is still suffering from residual pain associated with the violent assault.

53.     At no point during the encounter did Mr. Crocker ever strike or attempt to strike any of the Defendant Officers.

54.     Mr. Crocker did not pose a threat of immediate harm to any Defendant Officer at any point, never threatened harm, and never attempted to flee.

55.     Further, the named Defendant Officers outnumbered Mr. Crocker three to one and were all armed with both lethal and non-lethal weapons and were highly trained in their use.

56.     Mr. Crocker was also transported to the jail, booked, held for several hours, and then charged with trespassing and resisting arrest.

57.     Mr. Crocker was ultimately subjected to various forms of excessive force, with the initial tackle from behind and subsequent contortion from several angles being first, the

unnecessary and prolonged dog pile being the second, the forced pull upward to a standing position after having complained of severe hip pain and then drag to a patrol car being the third. Then, reckless dropping of his body onto the gurney and subsequent upward folding of his body in the gurney and bending to handcuff him to the gurney being the fourth.

58.     Mr. Crocker now seeks damages for the violations of his rights under the Fourth Amendment to the United States Constitution and State law.

59.     Defendants thus harmed Mr. Crocker. They violated his exercise and enjoyment of core constitutional rights, humiliated him, used excessive force, and caused him to suffer physical injury and emotional distress.

60.     Defendants used excessive force even though Mr. Crocker had verbally indicated he would leave the property in retaliation for asking the Defendant Officers questions.

61.     Further, Mr. Crocker did not pose an immediate threat to the Defendant officers or anyone else immediately prior to or during the use of force.

## DAMAGES

62.     As a proximate result of the Defendants' conduct, Mr. Crocker suffered pain and physical injuries, including but not limited to injury to his hip, requiring surgical intervention and subsequent medical care.

63.     As a further proximate result of the Defendants' conduct, Mr. Crocker suffered emotional distress, humiliation, embarrassment, and loss of his sense of security, dignity, and pride.

64.    The conduct of the individual Defendants were malicious, sadistic, wanton, and oppressive.  Mr. Crocker is therefore entitled to an award of punitive damages against the Defendants.

# CLAIMS FOR RELIEF

## First Cause of Action

### Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)

### By Plaintiff against Defendants WIENS, NIXON, TODEREAN, and DOES 1-10

78.)    The foregoing allegations are realleged and incorporated herein.

79.)    Defendants WIENS, NIXON, AND TODEREAN'S unreasonable use of excessive force deprived Mr. Crocker of his right to be secure in his persons and property against unreasonable searches and seizures as guaranteed to the Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

80.)    As a result, Plaintiff suffered physical pain and emotional distress.

81.)    Defendants WIENS, NIXON, AND TODEREAN are liable for Mr. Crocker's injuries because they were integral participants in the excessive force.

82.)    The use of excessive force was unreasonable under the circumstances. Specifically, because Mr. Crocker did not pose an immediate threat to any officer, he had only spoken with the Defendants briefly. He had verbally indicated he would leave the premises before he was assaulted. Defendants WIENS, NIXON, AND TODEREAN'S actions deprived Mr. Crocker

of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

83.) The conduct of Defendants WIENS, NIXON, AND TODEREAN was willful, wanton, malicious, and done with reckless disregard for the rights and safety of the Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to Defendants WIENS, NIXON, AND TODEREAN.

84.) Plaintiff also seeks attorney fees under this claim.

## Second Cause of Action

### Bane Act (Cal Civ. Code §52.1)

### (California Tort Claims Act, Cal. Gov't Code §§815.2, 820)

### (Against Defendants CITY, WIENS, NIXON, AND TODEREAN'S)

85.) The foregoing allegations are realleged and incorporated herein.

86.) Defendant City, through Defendants WIENS, NIXON, AND TODEREAN, intentionally interfered with Mr. Crocker's exercise and enjoyment of his civil rights under the United States and California Constitutions.

87.) Defendants intentionally interfered with and showed a reckless disregard for Mr. Crocker's rights under the Fourth Amendment to be secure in his person. Defendants used threats and coercion to prevent Mr. Crocker from insisting on his rights. They ultimately used excessive force in retaliation against him for invoking his rights.

88.) Further, the Defendant officers were angered and frustrated that Mr. Crocker asserted his rights and asked for the Sherriff to come to the scene and thus allowed that to fuel their intentional and or reckless use of force against Mr. Crocker.

89.) Defendants intentionally interfered with and showed a reckless disregard for Mr. Crocker's right to be free of excessive force under the Fourth Amendment. Defendants used violence and acted violently with Mr. Crocker to prevent him from exercising and enjoying his civil rights. They subjected him to an unreasonable and prolonged use of excessive force to retaliate against him for invoking that right.

90.) Defendants knew, visibly saw, and verbally heard that Mr. Crocker had indicated he would leave the premises before still proceeding with an excessive use of force.

90.)   As a direct and proximate result of each and every Defendants' violations of California Civil Code §52.1 and the Plaintiff's rights under the United States Constitution and the laws of the Constitution of the State of California, Plaintiff was harmed.  Plaintiff sustained injuries and damages, and each of the Defendants' conduct was a substantial factor in causing Plaintiff's harm. Additionally, against each and every Defendant, the Plaintiff is entitled to relief as set forth above at paragraphs contained herein, including punitive damages against the Defendants in their individual capacities, including all damages and penalties allowed by California Civil Code §§52, 52.1, and California law, including costs, attorneys fees, civil penalties, and punitive damages. Further, Defendants' violations of Plaintiff's rights as guaranteed by the California Civil Code (§52.1) entitled Plaintiff to compensatory and punitive damages, treble damages, as well as attorneys fees, all of which are provided for in the California Civil Code §§52, et seq., and are requested herein.

91.)  Since the conduct of Defendants WIENS, NIXON, AND TODEREAN'S and DOES 1-10, inclusive, occurred in the course and scope of their employment, Defendant CITY is therefore liable to Plaintiff Crocker pursuant to respondeat superior.

**Third Cause of Action**

Violation of Article 1, § 13 of the California Constitution

Against all Defendants

92.     The foregoing allegations are realleged and incorporated herein.

93.     Defendant CITY, through Defendants WIENS, NIXON, AND TODEREAN, subjected Mr. Crocker to unreasonable search and seizure.

94.     Defendants WIENS, NIXON, AND TODEREAN unlawfully detained Mr. Crocker for allegedly trespassing. At the time of the unlawful stop, Mr. Crocker was not inside the hospital building. He was calmly on the phone with hospital staff attempting to reschedule his MRI appointment when the named Defendant Officers told him to leave or be arrested. Further, Mr. Crocker explicitly stated that he would leave the premises. Yet, the named Defendant Officers still unlawfully arrested Mr. Crocker and viciously assaulted him, causing serious physical injury and emotional distress.

95. Defendants WIENS, NIXON, AND TODEREAN deprived Mr. Crocker of his freedom by subjecting him to unreasonable detention and by detaining him without a warrant and reasonable or probable cause, all without his consent.

96.     As a result of the Defendants' actions, Mr. Crocker was harmed, and the Defendants' actions were a substantial factor in causing that harm.

97.     Furthermore, there is a real and actual controversy between Plaintiff and Defendants regarding whether Defendants WIENS, NIXON, AND TODEREAN could undertake to act as described herein. Plaintiff contends that Defendants WIENS, NIXON, AND TODEREAN violated the United States and California Constitution and the United States and California laws. On information and belief, Defendants WIENS, NIXON, AND TODEREAN deny that their conduct violated the United States and California Constitutions and laws of the United

States and California. Plaintiff fears he will again be subjected to such unlawful and unconstitutional actions and seeks a judicial declaration that Defendants WIENS, NIXON, AND TODEREAN'S conduct deprived Plaintiff of his rights under the United States and California Constitutions and the laws of the United States and California.

98.    In addition, the Plaintiff is informed and believes and thereon alleges that, unless enjoined, Defendants WIENS, NIXON, AND TODEREAN will continue to engage in the unlawful acts and the policies and practices described above, in violation of the legal and constitutional rights of the Plaintiff and others who are so similarly situated.

<u>**Fourth Cause of Action**</u>

**Negligence (Cal. Govt. Code § 820 and California Common Law)**

**(By Plaintiff Against all Defendants)**

99.   The foregoing allegations are realleged and incorporated herein.

100.  The actions and inactions of the Defendants were negligent, including but not limited to:

(a) The failure to properly and adequately train employees, including Defendants WIENS, NIXON, AND TODEREAN, with regards to the use of force during arrests;

(b) the failure to properly and adequately assess the need to detain, arrest, and the use of force;

(c) the negligent tactics and handling of the situation with Mr. Crocker, including pre-excessive force negligence;

(d) the negligent detention, arrest, and the use of force, including excessive force, against Mr. Crocker;

(e) the failure to provide and or summon prompt medical care to Mr. Crocker;

(f) the failure to train regarding proper transport or movement of severely injured citizens, including Mr. Crocker;

(g) the failure to properly train and supervise employees, including Defendants WIENS, NIXON, AND TODEREAN.

101.  As a direct and proximate result of Defendants' conduct as alleged above and other undiscovered negligent conduct, Mr. Crocker was caused to suffer severe pain and suffering and ultimately required medical attention. Also, as a direct and proximate result of the Defendants WIENS, NIXON, AND TODEREAN'S conduct as alleged above, Plaintiff suffered emotional distress and physical injury.

102.  Defendant CITY is vicariously liable for the wrongful acts of Defendants WIENS, NIXON, AND TODEREAN pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.


**Fifth Cause of Action**

Municipal Liability for Unconstitutional Custom or Policy (42 U.S.C. §1983)

By Plaintiff Against Defendant CITY

124.  The foregoing allegations are realleged and incorporated herein.

125.  While acting under the color of state law and within the course and scope of their employment as police officers for the Defendant CITY police department, Defendant's WIENS, NIXON, AND TODEREAN'S use of excessive force and unlawful detention, deprived Mr. Crocker of his rights and liberties secured to him by the Fourth and Fourteenth

Amendments, including his right to be free from unreasonable search and seizure and equal treatment under the law.

126. Upon information and belief, Defendants WIENS, NIXON, AND TODEREAN'S acted pursuant to an expressly adopted official policy or longstanding practice or custom of the Defendant CITY.

127. Upon information and belief, Defendants WIENS, NIXON, AND TODEREAN'S were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with the detention and excessive force against Mr. Crocker.

128. Defendants WIENS, NIXON, AND TODEREAN'S deprived Mr. Crocker of the rights and liberties secured to him by the Fourth Amendment and Fourteenth Amendment to the United States Constitution, in that said Defendants and their supervising and managerial employees, agents, and representatives acted with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general. Plaintiff, and persons in their class, situation, and comparable position in particular, knowingly maintained, enforced, and applied an official recognized custom, policy, and practice of:

(a) Employing and retaining as police officers and other personnel, including Defendants WIENS, NIXON, AND TODEREAN, at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written CITY Police Department Policies;

(b) Of inadequately supervising, training, controlling, assigning, and disciplining CITY Police Officers and other personnel, whom Defendant CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(c) By failing to adequately train officers, including Defendants WIENS, NIXON, AND TODEREAN, and failing to institute appropriate policies regarding the use of excessive force and unreasonable searches and seizures; reasonable accommodations for citizens with physical injuries, proper transportation and movement of citizens with prior physical injuries and/or serious physical injuries sustained during the course of an arrest/encounter with officers and,

(d) By having and maintaining an unconstitutional policy, custom, and practice of using excessive force and failing to properly transport or move injured citizens, and causing and/or aggravating injuries of citizens as demonstrated by inadequate training regarding these subjects. The policies, customs, and practices of Defendant CITY were done with deliberate indifference to individuals' safety and rights, and

(e) By failing to adequately discipline CITY police officers for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

(f) Maintaining a policy of inaction and an attitude of indifference towards citizen complaints of excessive force and false arrests/unlawful detentions, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in the use of false arrests/unlawful detention and excessive force.

(g) Failing to institute or adequately address inherent problems with the CITY's police officers' treatment, unlawful detentions, arrests, and use of force on citizens. Specifically, by and through its Police Officers, Defendant CITY allows and or fails to act on its officers harming citizens through excessive force.

129.   By reason of Defendants' aforementioned policies and practices, Plaintiff was injured and subjected to pain, suffering, and emotional distress.

130.   Defendant CITY and various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices, and customs alleged in the paragraphs above. Despite knowing, as stated above, these Defendants condoned, tolerated, and through actions and inactions, thereby ratified such policies. Said Defendant's also acted with deliberate indifference to the foreseeable effects and consequences of these policies concerning Plaintiff's constitutional rights and other individuals similarly situated.

131.   By perpetrating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, Defendant CITY acted with an intentional, reckless, and callous disregard for Plaintiff's health and constitutional rights. Defendants' actions were willful, wanton, oppressive, malicious, fraudulent, extremely offensive, and unconscionable to any person of normal sensibilities.

132.   Specifically, Defendant CITY has failed to properly train its officers regarding proper policies and/or procedures when a citizen has indicated that they are either suffering from a pre-existing injury or that they were injured during the course of an arrest and excessive force by its officers.

133.   Defendant CITY has failed to implement proper policies, procedures, training, and/or guidelines as to how to transport injured citizens and prevent causing further unnecessary and harmful aggravation or worsening of a citizen's injuries.

134.   Defendant CITY had previously been placed on notice of its failure to provide proper training and of its custom/policy of allowing its Officers to move/transport injured citizens in such a manner as to cause further injury and unnecessary excruciating pain to citizens.

Specifically, a jury found Defendant CITY and its officers liable for such conduct in the case of Ward v. City of South Lake Tahoe, et al., United States District Court for the Eastern District of California, Case No. 2:04-cv-00305-GEB-DAD (March 7, 2007). Specifically, in that case, the petitioner alleged excessive force when the officers used a harmful pain compliance hold and carried the petitioner through the woods and failing to use a backboard or stokes basket to carry him out. The CITY and officers denied liability and claimed that they followed department policy. Thus publicly admitting to the existence of said harmful policy. A jury found Defendant CITY by and through its officers liable and negligent for the dangerous and harmful transport of the petitioner, who was an injured citizen, and awarded damages.

140.   The aforementioned policy, practices, and pattern were the moving force behind the constitutional violations suffered by Plaintiff.

141.   By reason of Defendant's aforementioned acts and omission, Plaintiff suffered physical pain and emotional distress.

142.   Accordingly, Defendant is liable to Plaintiff for compensatory damages under 42 U.S.C. §1983.

143.   Plaintiff seeks attorney fees under this claim.

## Sixth Cause of Action

Battery (Cal. Govt. Code §820 and California Common Law)

By Plaintiff against Defendant CITY and Defendants WIENS, NIXON, AND TODEREAN

144.   The foregoing allegations are realleged and incorporated herein.

145.   Defendants WIENS, NIXON, AND TODEREAN, while working as an officer for the South Lake Tahoe Police Department, and acting within the course and scope of their duties,

intentionally and unlawfully detained, and used force on Plaintiff without probable cause.

Further, Plaintiff was suffering from a pre-existing injury at the time of the unlawful detention

that was aggravated by Defendants WIENS, NIXON, AND TODEREAN'S aggressive tackle,

contortion, grappling, and subsequent forced repeated movements of Mr. Crockers injured

body even after he repeatedly informed the officers that he was seriously injured and

significant difficulty moving. Defendants WIENS, NIXON, AND TODEREAN used

excessive force and aggravated Mr. Crocker's pre-existing injury as he was recovering from

shoulder surgery. Even after Mr. Crocker informed Defendants WIENS, NIXON, AND

TODEREAN of his pre-existing injury status, and of the new injuries the Defendants had

caused Mr. Crocker and that they were hurting him, Defendants WIENS, NIXON, AND

TODEREAN intentionally failed to loosen their grips, stop contorting Mr. Crocker's body

with such force, or check on Plaintiff's safety. As a result of the actions of Defendants

WIENS, NIXON, AND TODEREAN, Plaintiff suffered severe pain and suffering, and

emotional distress. Defendants WIENS, NIXON, AND TODEREAN had no legal

justification for using force against the Plaintiff and said Defendants' use of force while

carrying out their duties as South Lake Tahoe Police Officers was an excessive and

unreasonable use of force, particularly because the Plaintiff was unarmed and did not pose an

immediate threat to the life of any individual, including any officer.

146.   As a direct and proximate result of the conduct of Defendants WIENS, NIXON, AND

TODEREAN, as alleged above, Plaintiff suffered emotional distress and physical pain.

147. Defendant CITY is vicariously liable for the wrongful acts of Defendants WIENS,

NIXON, AND TODEREAN under section 815.2(a) of the California Government Code,

which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject them to liability.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1.) Award Plaintiff general, special, and compensatory damages in an amount to be proven at trial.

2.) Award Plaintiff punitive damages against individually named Defendants, and each of them, for their extreme, outrageous conduct in complete disregard for the rights of the Plaintiff.

3.) For actual damages, civil penalties, and attorney's fees under CA civil Code §§52.1

4.) Award Plaintiff statutory damages and/or attorney's fees against all Defendants as allowed by 42. U.S.C. §1988.

5.) An injunction and/or order that Defendants not use excessive force or arrest citizens when the citizen is attempting to or has agreed to comply with Officer requests to leave a premises.

6.) Grant Plaintiff such other and further relief as the Court deems just and proper.


Dated: 6/25/2022                                     Law Office of Gustavo Magaña
                                                     __/s/ Gustavo Magaña____
                                                     Attorney for Plaintiff

JURY DEMAND: Plaintiff demands a trial by jury in this matter, pursuant to FRCP 38(a).

                                                     Law Office of Gustavo Magaña

Dated: 6/25/22                                              _/s/ Gustavo Magaña____
                                                              Attorney for Plaintiff