UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN CROCKER,<br>Plaintiff,<br>v.<br>CITY OF SOUTH LAKE TAHOE, et al.,<br>Defendants. | No. 2:22-cv-1099 JAM AC<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding pro se in this civil rights case, which is accordingly referred to the undersigned pursuant to Local Rule 302(c)(21). Defendants have moved to dismiss. ECF No. 17. Plaintiff filed a document styled as a "Motion to Quash and Petitioner's Habeious Petition for Certiorari and Writ of Relief," ECF No. 19, which the undersigned construed in part as a statement of opposition to the motion, ECF No. 20. Defendants filed a reply brief, ECF No. 21, and plaintiff filed an unauthorized surreply, ECF No. 22. For the reasons explained below, the undersigned recommends that the motion to dismiss be granted.

I. Background

The operative First Amended Complaint, ECF No. 5, alleges that plaintiff was subjected to excessive force by South Lake Tahoe police officers on December 3, 2021. The named defendants are the City of South Lake Tahoe and Officers Wiens, Nixon and Toderean. Plaintiff asserts the following causes of action: (1) excessive force in violation of the Fourth Amendment,

under 42 U.S.C. § 1983; (2) violation of California's Bane Act; (3) violation of Article I, § 13 of the California Constitution; (4) negligence; (5) § 1983 municipal liability for unconstitutional policy; and (6) battery.

The case was commenced with the assistance of counsel. See ECF No. 1. Two months after the case was opened, it was stayed pending plaintiff's prosecution in El Dorado County on charges arising from the same event underlying the complaint. ECF No. 9. While the stay was still in place, plaintiff's counsel moved to withdraw. ECF No. 11. That motion was subsequently granted. ECF No. 15. On November 27, 2025, the stay was lifted upon notification that plaintiff's criminal case had concluded. Id. Defendants were then ordered to respond to the First Amended Complaint, and they filed the instant motion to dismiss. ECF No. 17.

II. The Motion to Dismiss (ECF No. 17)

A. Overview

Defendants move for dismissal on the primary grounds that plaintiff's claims are barred by his 2025 conviction for resisting arrest and trespassing in relation to the December 3, 2021, incident. They provide documentation related to petitioner's prosecution and conviction, ECF No. 17-2, and the undersigned grants their request for judicial notice of these documents.[1] Defendants further argue that plaintiff's allegations fail to state claims for violation of the California constitution, general negligence against the City, or municipal liability under Monell v. Dep't of Social Servs., 436 U.S. 658, 694 (1978). ECF No. 17-1 at 1-2.

In his "motion to quash" the motion to dismiss, ECF No. 19, which has been construed as an opposition to dismissal, plaintiff contends in relevant part that his conviction has no effect on this lawsuit because it was obtained by fraud. He alleges that an officer (or officers) committed perjury at his criminal trial, that exculpatory evidence was withheld by the prosecution, that facts were misrepresented, and that his ability to obtain appeal and trial transcripts has been impeded in retaliation for the grievances he has filed about misconduct. Id. at 2. In a supporting memorandum, which is 70 pages long including an affidavit and exhibits, plaintiff attacks the

[1] See Fed. R. Evid. 201(b); United States v. Wilson, 631 F.2d 118, 119-20 (9th Cir. 1980) (facts that may be judicially noticed include court records).

validity of his El Dorado County conviction and of a more recent arrest in Amador County, and raises numerous grievances about the conduct of law enforcement personnel from multiple jurisdictions. ECF No. 19-1.

In reply, defendants note that plaintiff failed to substantively address the issues raised by their motion. ECF No. 21. Plaintiff filed an unauthorized surreply captioned "Petitioner's Response to Defendant's Response to Petitioner's Habeious Petition of Certiorari and Writ of Relief." ECF No. 22. In form and content this document resembles a petition for collateral relief from conviction. Id.

B. Legal Standards Governing Motions to Dismiss

"The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint." N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

In order to survive dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). It is insufficient for the pleading to contain a statement of facts that "merely creates a suspicion" that the pleader might have a legally cognizable right of action. Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed. 2004)). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court "must accept as true all of the factual allegations contained in the complaint," construe those allegations in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. See Erickson v. Pardus,

551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010). However, the court need not accept as true legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice. See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Pro se complaints are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014). The court's liberal interpretation of a pro se complaint, however, may not supply essential elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992). A pro se litigant is entitled to notice with respect to deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

C. Analysis

1. Plaintiff's Fourth Amendment Excessive Force Claim is *Heck*-Barred

a. The *Heck* Bar

Under the rule announced in Heck v. Humphrey, 512 U.S. 477 (1994), a plaintiff may not proceed on a claim for damages under § 1983 if a judgment in plaintiff's favor "would necessarily imply the invalidity of his conviction or sentence." Id. at 487. In such a case, plaintiff is foreclosed from proceeding absent proof that the conviction at issue has been reversed, expunged or invalidated. Id. at 486–487. However, "if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed ...." Id. at 487.

As an illustration of the rule's application, the Heck Court explained that an individual convicted of resisting arrest, defined as intentionally preventing a peace officer from effecting a

lawful arrest, would be barred from bringing a claim for damages for unlawful arrest. Id. at 487 n.6. That result is compelled by the fact that plaintiff, in order to prevail on his § 1983 claim, would have to negate an element of his conviction offense: the lawfulness of the arrest. Id. When a plaintiff bringing an excessive use of force claim has been convicted of resisting arrest, application of the Heck bar turns on the relationship between the arrest that has been determined lawful in the criminal case and the use of force alleged to have violated plaintiff's rights. For example, an "allegation of excessive force by a police officer would not be barred by Heck if it were distinct temporally or spatially from the factual basis for the person's conviction." Beets v. County of Los Angeles, 669 F.3d 1038, 1042 (9th Cir. 2012); see also Sanford v. Motts, 258 F.3d 1117, 1120 (9th Cir. 2001) ("[e]xcessive force used after an arrest is made does not destroy the lawfulness of the arrest"). Similarly, Heck does not bar an excessive force claim based on allegations that the force used was unreasonable in relation to the degree of resistance to arrest. Hooper v. County of San Diego, 629 F.3d 1127, 1133 (9th Cir. 2011). Such a claim, if proven, would not imply the invalidity of a conviction for resisting arrest. Id. In sum, Heck does not bar claims against police for excessive force arising from conduct independent of the facts giving rise to a plaintiff's conviction. Smith v. City of Hemet, 394 F.3d 689, 698-99 (9th Cir. 2005) (9th Cir.) (en banc), cert. denied, 545 U.S. 1128 (2005).

In contrast, a § 1983 action must be dismissed if the criminal conviction stands and arises "out of the same facts ... and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought ...." Beets, 669 F.3d at 1042 (internal citations and quotation marks omitted). Where the alleged wrongful conduct that serves as the basis of the § 1983 claim is very "closely interrelated" with the act for which plaintiff was convicted, the claim is Heck-barred. Cunningham v. Gates, 312 F.3d 1148, 1154 (9th Cir. 2002), as amended on denial of reh'g (Jan. 14, 2003) (applying Heck bar where there was no break between the plaintiff's provocative act of firing on the police and the police response that he claimed was excessive).

b. Allegations of the First Amended Complaint

Plaintiff alleges that on December 3, 2021, he was approached by Officers Wiens, Nixon and Toderean outside a South Lake Tahoe Hospital. Officer Wiens threatened to arrest plaintiff.

When Officer Wiens directed plaintiff to stand up and put his arms behind his back, plaintiff stated "No, I'll leave, don't touch me." Officers Wiens, Nixon and Toderean nonetheless pulled and pushed Mr. Crocker in various directions, "[c]ontorting and folding his body into severely painful positions." Mr. Crocker cried out in pain and "informed the officers who had dogpiled on top of him and pretzeled his body that he had recently undergone shoulder surgery." The officers continued to apply force and claimed that plaintiff was resisting arrest, which plaintiff was not doing. ECF No. 5 at 2-3.

c. Facts Underlying Conviction

Plaintiff was charged in El Dorado County case no. 22CR0245 with misdemeanor violations of California Penal Code § 148(a)(1) (resisting, delaying or obstructing a peace officer) and § 602(o) (trespassing). The criminal complaint alleged that plaintiff resisted, delayed, and obstructed South Lake Tahoe police officers, including Officer Weins, and refused to leave private property on December 3, 2021. ECF No. 17-2 at 4-5. An amended criminal complaint, filed March 4, 2025, added the specific factual allegation that plaintiff had resisted, delayed and obstructed Officers Wiens, Nixon and Toderean. Id. at 8. Plaintiff entered a not guilty plea, and the case was tried to a jury. On March 11, 2025, the jury returned verdicts of guilty on both counts. Id. at 14.

d. Discussion

California Penal Code § 148(a)(1) provides that any "person who willfully resists, delays, or obstructs any… peace officer… in the discharge or attempt to discharge any duty of his or her office…" is guilty of a misdemeanor. "The lawfulness of the officer's conduct is an essential element the offense under § 148(a)(1)." Hooper, 629 F.3d at 1130; see also CALCRIM 2656 (jury instruction requiring proof that officer was acting lawfully). Accordingly, the jury's verdict in plaintiff's criminal case necessarily rests on a factual finding that Officers Wiens, Nixon and Toderean were acting lawfully when arresting plaintiff.

Plaintiff's Fourth Amendment excessive force claim rests exclusively on the officers' conduct in arresting him. The FAC alleges that plaintiff was ordered to stand up and put his hands behind his back and, when he refused to do so, the officers painfully twisted his arms and

hurt his shoulder while effectuating the arrest. The officer's conduct was thus very "closely interrelated" with the act for which plaintiff was convicted. Cunningham, 312 F.3d at 1154. There is no extended chain of events between plaintiff and the officers that the court must parse. See Hooper, 629 F.3d at 1133. No force is alleged which could plausibly be described as "distinct temporally or spatially from the factual basis for [plaintiff's] conviction" for resisting the officers. Beets, 669 F.3d at 1042. Nor do plaintiff's allegations involve force of a type wholly disproportionate to the degree of resistance, such as the use of a canine on a suspect who jerks her wrist away from an officer during arrest. See Hooper, 629 F.3d at 1133. Here plaintiff refused to put his arms behind his back, and so the officers did it for him. That is a textbook example for application of the Heck bar: to prevail on his claim, plaintiff would have to establish that the officers acted unlawfully in arresting him, which would imply the invalidity of his conviction for resisting arrest.

Plaintiff's protestations about the history of the prosecution, fairness of the trial, validity of the conviction, and his treatment by various law enforcement entities, are all immaterial. Because Heck bars plaintiff's claim, no lawsuit can proceed unless and until he is able to provide proof that the conviction has already been reversed, expunged or invalidated. Heck, 512 U.S. at 486–487. He makes no such showing.[2] Because plaintiff's first cause of action is Heck- barred, it must be dismissed. Application of the Heck bar is not a defect which can be cured by amendment, and leave to amend is therefore inappropriate.

2. The FAC Fails to State a *Monell* Claim

Plaintiff's fifth cause of action alleges that the City of South Lake Tahoe is liable for damages under § 1983 because plaintiff's injuries were caused by an unconstitutional custom or policy. ECF No. 5 at 15. This claim is supported by allegations "upon information and belief" that the arresting officers acted pursuant to such a policy or custom and that they were not disciplined for their misconduct. Id. at 15-16. The challenged municipal policies, customs and practices are described as (1) hiring police officers such as the individual defendants, who have

---

[2] Indeed, plaintiff's complaints about the appellate process plainly indicate that he has not done so. See ECF No. 22 at 2.

violent propensities; (2) inadequately training and supervising such potentially dangerous officers; (3) failing to train and to institute appropriate policies regarding use of force and related matters; (4) having a practice of excessive force and failing to respond appropriately to injuries caused; (5) failing to adequately discipline officers for misconduct; (6) maintain a policy of inaction and an attitude of indifference to citizen complaints; and (7) failing to address all of these problems. Id. at 16-17.

A plaintiff seeking to impose liability on a municipality under § 1983 bears the burden of identifying the specific policy or custom that caused his injury. Board of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Here, the threshold allegations as to the existence of a relevant policy or custom—let alone its constitutionality or its causation of plaintiff's injury—are entirely conclusory. The FAC provides no specific facts that would support a conclusion as to any of the proffered theories: no officially adopted policies are identified, and no facts are provided regarding the City's specific hiring practices, training programs, supervision practices, or customary responses to the identified issues. Accordingly, the Monell allegations are insufficient to raise plaintiff's right to relief above a purely speculative level. See Twombly, 550 U.S. at 555. The FAC's recitation of familiar municipal liability verbiage cannot compensate for the absence of "factual content that allows the court to draw the reasonable inference that the defendant is liable…" Iqbal, 556 U.S. at 678 (2009); see also Via v. City of Fairfield, 833 F. Supp. 1189, 1196 (E.D. Cal. 2011) ("Since Iqbal, courts have repeatedly rejected… conclusory allegations that lack factual content from which one could plausibly infer Monell liability[]") (collecting cases).

Plaintiff's conclusory allegations fail to state a claim for relief under Monell and progeny. Nothing in plaintiff's opposition to dismissal suggests that he has any knowledge of facts which could state a cognizable Monell claim. Accordingly, leave to amend is not appropriate.

3. The Court Should Decline Supplemental Jurisdiction Over State Law Claims

The undersigned does not address defendants' substantive arguments for dismissal of plaintiff's various state law claims. Because the only two federal claims must be dismissed for the reasons already explained, supplemental jurisdiction over the state law claims is purely

discretionary. Carlsbad Tech. Inc. v. HIF Bio, Inc., 556 U.S. 635, 640 (2009) (statutory supplemental jurisdiction over state law claims may be exercised at court's discretion after dismissal of federal claims); 28 U.S.C. § 1367(c)(3) (district court may decline to exercise supplemental jurisdiction where all claims over which it had original jurisdiction are dismissed). When federal claims are eliminated before trial, district courts should usually decline to exercise supplemental jurisdiction for reasons of comity and judicial economy. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988); Gini v. Las Vegas Metro. Police Dep't, 40 F.3d 1041, 1046 (9th Cir. 1994). Accordingly, the undersigned recommends that the court decline to exercise supplemental jurisdiction over plaintiff's state law claims.

III. Plaintiff's Motion at ECF No. 19

Plaintiff's filing at ECF No. 19 has been fully considered in opposition to the motion to dismiss. To the extent that the motion affirmatively requests relief, including relief in relation to plaintiff's El Dorado County conviction, the motion should be denied. Federal habeas relief may be pursued only by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254, and only after exhausting state court remedies. See § 2254(b)(1)(A); Baldwin v. Reese, 541 U.S. 27 (2004). Having reviewed the filings at ECF Nos. 19 and 22, the undersigned finds that they do not seek any form of relief that is available in the context of this case. Moreover, all such requests are moot in light of the recommendation that the action be dismissed.

CONCLUSION

For the reasons set forth above, it is HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss, ECF No. 17, be GRANTED;
2. Plaintiff's motion to quash and "habeious petition of certiorari and writ of relief", ECF No. 19, be DENIED; and
3. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a

document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Due to exigencies of the court's calendar, requests for extension of time are strongly disfavored. Objections need only identify the portion of the Findings and Recommendation to which objection is made.** Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: August 20, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE